IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00634-P-BP |
| | § | |
| MARK DENO, | § | |
| | § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss and Brief in Support filed on June 24, 2020. ECF No. 5. As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has not filed a response to Defendant's Motion. Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendant's Motion to Dismiss (ECF No. 5) and **DISMISS** Plaintiff's claims **without prejudice**.

I.      BACKGROUND

On June 2, 2020, Plaintiff Michael Garcia ("Garcia") brought this action against Defendant Mark Deno ("Deno") in the Justice Court No. 1 of Tarrant County, Texas for violating 11 U.S.C. § 524 by attempting to collect a debt that had been discharged in bankruptcy. ECF No. 1-3 at 3. Garcia sought damages in the amount of $10,000.00 and an order removing his account from the "major credit bureaus" and "collection agencies," and an end to "aggressive collections." *Id.* Garcia alleges that Deno "continues to aggressively try to collect on accounts that were discharged." *Id.* On June 17, 2020, Deno timely removed the case to this Court. ECF No. 1. Thereafter, he filed a Motion to

Dismiss, asserting that Garcia's claim should be dismissed due to a lack of subject matter jurisdiction, or in the alternative, for Garcia's failure to state a claim. ECF No. 5 at 4-8.

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter

jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413).

### B.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d

322, 327 (5th Cir. 1999).

## III.    ANALYSIS

Under 28 U.S.C. § 1334, federal district courts have original but not exclusive jurisdiction of all civil proceedings in bankruptcy arising under title 11, or arising in or related to causes under title 11. 28 U.S.C. § 1334(b); see also *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994 (5th Cir. 1985). While the Northern District of Texas has adopted Miscellaneous Order No. 33, which allows district courts to transfer cases arising under or related to title 11 to bankruptcy judges, this rule does not preclude the district court from exercising jurisdiction. *See United States v. Miller*, No. 5:02-cv-0168-C, 2003 WL 23109906, at *4 (N.D. Tex. Dec. 22, 2003) (citing *Carlton v. BAWW Inc.*, 751 F. 2d 781, 788 (5th Cir. 1985)).

Deno argues that *In re Crocker*, requires dismissal of this case. 941 F.3d 206, 216-17 (5th Cir. 2019). However, the holding in *Crocker* that a bankruptcy court does not have jurisdiction to enforce a discharge order entered by another bankruptcy court outside of the court's district is not at issue here. In the instant case, the applicable bankruptcy court is the United States Bankruptcy Court for the Northern District of Texas. The dispositive question is whether this Court can enforce the bankruptcy court's discharge order in response to Garcia's suit and award the relief he seeks. In the absence of authority on point, a closer case would be *In re Wilborn*, in which the Fifth Circuit held that a bankruptcy judge may exercise jurisdiction over claims that arise in cases administered by other courts in the same district. 609 F.3d 748, 753 (5th Cir. 2010).

However, this Court has held that "§ 524 does not create a private right of action; the proper remedy for a § 524 violation is contempt." *Price v. Am.'s Servicing Co.*, No. 3:12-CV-2642-D, 2013 WL 1914939, at *3 (N.D. Tex. May 9, 2013) (citations omitted). And, that contempt action must be brought as a contested matter. *Id.* at *5. "[S]ection 524 merely sets forth a debtor's rights under

a discharge order and does not create a new private right of action for enforcement." *Caban v. HSBC Mortgage Servs.*, 373 F. Supp. 3d 709, 716 (N.D. Tex. 2016). Therefore, Garcia's claim for the alleged violation of the discharge injunction fails because he has no private right of action to maintain such a claim. His remedy is "to bring a motion for contempt or declaratory judgment in bankruptcy court." *Id.* at 717. Accordingly, Garcia's case should be dismissed without prejudice so that he may seek an appropriate order from the bankruptcy court that issued his discharge.

## IV.    CONCLUSION

Because Garcia has no private right of action for Deno's alleged violation of his discharge order in bankruptcy, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Deno's Motion to Dismiss (ECF No. 5) and **DISMISS** this action **without prejudice** to Garcia's right to pursue an appropriate order from the bankruptcy court.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

6

**SIGNED** on August 25, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE